# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **AUSTIN BROOKS**<br>**329 North 3rd Street**<br>**Ripley, Ohio 45167,** | : : : : | |
| **VINCENT BROOKS, parent on behalf of**<br>**A.B. (minor child),**<br>**329 North 3rd Street**<br>**Ripley, Ohio 45167,** | : : : : | **Civil Case No.: 1:14-cv-412** |
| | : | **Judge:** _____ |
| **RANDY BROOKS, parent on behalf of**<br>**N.B. (minor child),**<br>**390 Forest Avenue**<br>**Maysville, Kentucky 41056** | : : : : : | **Magistrate:** _____ |
| **PLAINTIFFS,**<br>v. | : : : | |
| **RIPLEY, UNION, LEWIS,**<br>**HUNTINGTON (RULH) SCHOOL**<br>**DISTRICT**<br>**502 South Second Street**<br>**Ripley, Ohio 45167,** | : : : : : : | |
| **RIPLEY, UNION, LEWIS,**<br>**HUNTINGTON (RULH) BOARD OF**<br>**EDUCATION**<br>**502 South Second Street**<br>**Ripley, Ohio 45167,** | : : : : : : | |
| **MARTHA ANN HASSLEBUSCH,**<br>**individually and in her capacity**<br>**as RULH Middle School Principle**<br>**7635 Pleasant Hill Drive**<br>**Cleveland, Ohio 44130,** | : : : : : : | |
| **SUSIE JANE SKINNER,**<br>**individually and in her capacity**<br>**as RULH High School Principle**<br>**6990 Brammel Road**<br>**Felicity, Ohio 45120,** | : : : : : : | |
| **DEFENDANTS.** | : | |

## **COMPLAINT**

NOW COME Plaintiffs, by and through counsel, and for Plaintiffs' causes of action, states as follows:

### I. *NATURE OF CASE*

1. This is an action for damages and redress for deprivation of rights secured by the Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(d); Section 1983 of the Civil Rights Law, 42 U.S.C. §1983

### II. *PARTIES, JURISDICTION, AND VENUE*

2. At all times relevant herein, Plaintiff Austin Brooks and A.B. (minor) were, and still are, residents of the Village of Ripley, State of Ohio.

3. At all times relevant herein, Plaintiff N.B. (minor) was a resident of the Village of Ripley, State of Ohio.

4. From August of 2009 until December 2013, Plaintiff Austin Brooks, was a student in the Ripley, Union, Lewis, Huntington School District ("RULH") and attended high school at RULH.

5. At all times relevant herein, Plaintiff A.B. and N.B. are students in the RULH school district and were students at RULH high school and middle school respectively.

6. Plaintiffs Austin Brooks, A.B. and N.B. are biracial.

7. At all times relevant herein, Defendant RULH School District was, and still is, a school district established pursuant to the laws of the State of Ohio with offices located in the Village of Ripley, Ohio.

8. At all times relevant herein, Defendant RULH Board of Education, was established pursuant to the laws of the State of Ohio and has the obligation to supervise the RULH School District and its employees.

9. At all times relevant herein, less than one percent of the student population at RULH is African-american.

10. Upon information and belief, at all times mentioned herein, Defendant RULH School District was and still is a recipient of Federal Funds.

11. During the 2011 to 2012 school year, Defendant Martha Hasselbusch was the RULH Middle School principle and acted under color of state law.

12. At all times relevant herein, Defendant Susie Skinner was and is the RULH High School principle and acted under color of state law.

### III. FACTS

13. Plaintiffs incorporate the allegations contained in paragraphs X through XX as if fully set forth herein.

14. Starting in September, 2011, the Plaintiffs became victim of frequent harassment on the basis of their race and were/are subject to racial epithets based on race occurring both at school and on the bus.

15. Starting in August, 2011, Plaintiffs A.B. and N.B. heard multiple uses of the word "nigger" on the bus by other students and reported the incidents to their bus driver and Defendant Hasslebusch.

16. Despite Defendant Hasslebusch being advised of the harassing behavior, no action was taken against the students uttering the racial epithets and no attempt by Defendants was made to stop the hostile environment.

17. Following their reporting of the harassing behavior to the bus driver and Defendant Hasslebusch, Plaintiffs A.B. and N.B. were made to ride in the front of the bus.

18. On or about November 28, 2011, Plaintiff A.B. was suspended from school for overhearing a threat against another student.

19. Defendant RULH school district filed unruly charges against A.B. which were dismissed at the initial hearing.

20. On or about December 20, 2011, Plaintiff's grandparents attended a RULH school board meeting to discuss the harassment of their grandchildren.

21. Despite being a public meeting, and hearing the concerns of all others in attendance, the School Board representatives ushered Plaintiffs' grandparents into a private room to discuss their concerns of racial discrimination.

22. The school board denied the Plaintiffs' grandparents the opportunity to publically address their concerns about the racial harassment of their grandchildren and the inaction of the Defendant School District to address such harassment.

23. On or about January 10, 2014, Plaintiff A.B. was called to Defendant Hasslebusch's office and made to wait for two hours before being questioned by Defendant Hasslebusch and two police officers, who threatened to hand-cuff her and throw her in the juvenile detention center.

24. While waiting to be questioned, Plaintiff A.B. witnessed Defendant Hasslebusch used the word "nigger" repeatedly while on a phone call.

25. When Plaintiff A.B. attempted to ask why she was being held, Defendant Hasslebusch responded by stating to Plaintiff A.B., "I don't believe a word you have to say."

26. Plaintiff was questioned without her parents being notified and was denied an opportunity to contact her parents.

27. Plaintiff A.B. was suspended for rumors regarding a seventh grade student who was reported to have been bullying plaintiffs' cousin. This same student had, during gym class, previously said to A.B. "Peace out, Nigga," with no repercussions from the Defendant School District.

28. On or about July 24, 2012, a male student called Plaintiff N.B. the "nigger" during class. Plaintiff N.B. retaliated by striking the student. Plaintiff N.B. was suspended for his actions while the other student went unpunished.

29. Throughout the 2013 basketball season at RULH middle school, Defendant N.B. was benched for all but two basketball games, despite regularly attending practice and previously playing on a travel basketball team. No other teammate was denied the opportunity to play in all but two games.

30. On or about February 18, 2012, two male students wore homemade beaded bracelets with the word "nigger" on them and were showing off their bracelets to other students in the breakfast line at school.

31. Plaintiff N.B. asked them to remove the bracelets and reported them to the Principle of RULH. The students were called to the Principle's office and returned to class wearing the bracelets around their ankles.

32. On or about March 22, 2012, Plaintiff Austin Brooks was told by Defendant Principle Skinner that he "looked like a skunk with that hair." When asked what she meant, she replied, "why do you always have to pull the race card?"

33. Prior to the start of the 2013/2014 school year, Plaintiff N.B. transferred out of RULH school district due to the pervasive and continuing racial harassment.

34. On or about December 19, 2013, Plaintiff A.B. reported to the Principle's office that another student declared that he wanted to join the ku klux klan. Plaintiff A.B. put her statement in writing. Plaintiff A.B. was told the student was suspended but she saw him in school the following school day.

35. On or about February 20, 2014, Plaintiff A.B. was sitting at her work station in class when she saw the words "Zach is a nigger" written on the inside of the desk. She reported this to her teacher who wiped the words off the desk. To her information and belief, no further action was taken to investigate.

36. On or about May 12, 2014, Plaintiff A.B. reported to her bus driver, Ms. Betty Miller, and Principle Skinner, that two female students had said the word "nigger" in class and on the bus. To her information and belief, no action was taken on the part of Defendants.

37. On or about May 14, 2014, Plaintiff A.B. was pulled out of class and questioned about another student saying "I don't like black people." The student had expressed fear that Plaintiff A.B. may retaliate against her for saying these words. Plaintiff A.B. was not present when this was said and had not spoken to the student about this statement.

38. Plaintiffs were treated differently than other similarly situated students by being prevented from attending school as a result of the Defendants' failure to act; by being denied the opportunity to remain in class; by being blamed for the hostile environment

when students harassing them were not blamed or were given mere warnings; by being suspended from school when other students went unpunished and by being consistently subject to racial epithets from both students and staff.

39. As a result of the harassment on the basis of race, and the failure of the Defendants to stop it, Plaintiff's suffered and continue to suffer severe psychological damage, depression, distress, trauma, nervousness, anxiety, embarrassment and fear.

## IV. *FIRST CAUSE OF ACTION*

(Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d))

40. Plaintiff incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

41. Defendants exhibit a deliberate indifference to the harassment of Plaintiffs when they knew, or should have known, that the harassment was pervasive.

42. The harassment of Plaintiffs was and is severe, pervasive and offensive and conducted on a daily basis.

43. Due to the ongoing harassment and the failure of Defendants to take action to stop the harassment, Plaintiff N.B. felt his only option was to leave the RULH school district.

44. Due to the ongoing harassment and the failure of Defendants to take action to stop the harassment, Plaintiff A.B. was pulled out of class multiple times and suspended from school on multiple occasions thus being denied her right to educational opportunities provided by the school.

45. The actions of the Defendants, in failing to stop the harassment, violated and continue to violate the provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section

2000(d), which states that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

46. Defendants knew that Plaintiffs were being harassed because of their race, failed to take action against the students harassing them, and as a result, Plaintiffs were unable to participate in and were denied the benefits of attending middle school and high school.

47. As a result of the harassment on the basis of color, Plaintiffs suffered and continue to suffer psychological damages, depression, distress, trauma, nervousness, anxiety, embarrassment and fear.

## V.  SECOND CAUSE OF ACTION

(Violation of Section 1983 of the Civil Rights Law, 42 U.S.C. §1983)

48. Plaintiff incorporates the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

49. The harassment of the Plaintiffs and the failure of the Defendants to take action to stop it, violated and continue to violate the Plaintiffs' rights under the Fourteenth Amendment to the Constitution of the United States.

50. Plaintiffs have the right to be free from racially motivated abuse and harassment, from a hostile discriminatory environment and have the right to protection from and against the hostile and discriminatory environment.

51. Defendants denied and continue to deny Plaintiffs their right to equal protection under the Fourteenth Amendment.

52. Plaintiffs were and are treated differently from similarly situated students in their schools.

53. Plaintiffs were and are denied access to the schools through the acts and/or omission of the Defendants.

54. Defendants aided and encouraged the hostile environment by their actions and their deliberate inaction in failing to stop the behavior.

55. The actions of the Defendants violate Section 1983 of the Civil Rights Law, 42 U.S.C. §1983,

56. The violation of Plaintiffs' civil rights by the individual Defendants was ratified by the RULH Board of Education and the RULH School District, because they failed to act, when they knew and/or should have known of the hostile environment.

57. Defendants' action were willful, intentional, malicious and constituted a depraved indifference to Plaintiffs' rights which entitled Plaintiffs to punitive damages against the Defendants.

## VI. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Issuance of a Declaratory judgment that the acts, policies, practices and procedures of Defendants complained of herein, violated and continue to violate the rights of the Plaintiffs under Title VI of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(d) et seq., and §1983;

2. On the First and Second Causes of Action, award Plaintiffs compensatory damages in the amount of two million dollars ($2,000,000);

3.  For the willful, intentional, malicious and depraved indifference to Plaintiffs' rights, award Plaintiffs six million ($6,000,000.00) in punitive damages;

4.  Attorneys' fees, costs of court and disbursement of this action;

5.  For such further and other relief the Court deems appropriate.

Plaintiffs' demand a trial by jury.

Respectfully submitted,

_____
Sonia T. Walker (0070422)
Calig Law Firm, LLC
513 East Rich Street
Columbus, OH 43215
Phone: (614) 252-2300
Fax: (614) 252-2558
Email: swalker@caliglaw.com
*Attorney for Plaintiffs*


_____
Eric A. Jones (0081670)
Jones Law Group, LLC
513 East Rich Street
Columbus, OH 43215
Phone: (614) 545-9998
Fax: (614) 573-8690
Email: ejones@joneslg.com
*Attorney for Plaintiffs*